[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14330
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 22, 2012
JOHN LEY
CLERK

D.C. Docket No. 2:10-cr-14034-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICENTE GUTIERREZ,
a.k.a. Juan Jose Pavon-Cabrera,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida
_____

(February 22, 2012)

Before HULL, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Vicente Gutierrez appeals his sentence of imprisonment for 57 months, which was imposed on resentencing after an earlier plea of guilt to one count of illegal reentry after deportation. 8 U.S.C. § 1326(a). Gutierrez argues that his sentence is substantively unreasonable because the district court sentenced him as if he had been convicted of a crime of violence and varied upward from the guideline range of 15 to 21 months of imprisonment as if and to the same extent that he had a conviction for a crime of violence before deportation. Gutierrez contends that neither his criminal history nor his personal characteristics warranted the upward variance after weighing the relevant sentencing factors. 18 U.S.C. § 3553(a). We affirm.

We review all sentences for reasonableness under a deferential standard of review for abuse of discretion. United States v. Sanchez, 586 F.3d 918, 935 (11th Cir. 2009). The abuse-of-discretion standard "'allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment.'" United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quoting United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc)), cert. denied, 131 S. Ct. 1813 (2011). A major variance requires more justification than a minor one and the justification must be "'sufficiently compelling to support the degree of the variance.'" Id. at 1196 (quoting Gall v. United States, 552 U.S. 38,

50, 128 S. Ct. 586, 597 (2007)).  We will vacate a sentence based on such an upward variance only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  United States v. Shaw, 560 F.3d 1230, 1238 (11th Cir. 2009) (quoting United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008)).

Gutierrez's sentence is reasonable. The district court considered the statutory sentencing factors, 18 U.S.C. § 3553(a), and Gutierrez's arguments at sentencing.  The district court also adhered to our mandate and did not sentence Gutierrez as if he had been convicted of a crime of violence.  Gutierrez has an extensive criminal history.  He has been charged with second-degree rape of a minor, second-degree stalking, driving under the influence, violating probation, assault, failure to appear to serve jail time, and violating a protective order.  Based on this criminal history, the court did not abuse its discretion in determining that a sentence within the guidelines range was insufficient, and that an upward variance was necessary to promote respect for the law and deter future criminal conduct. The district court did not abuse its discretion.  We affirm Gutierrez's sentence.

**AFFIRMED.**

3